QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
  Evette D. Pennypacker (Bar No. 203515)
  evettepennypacker@quinnemanuel.com
  Thomas E. Wallerstein (Bar No. 232086)
  tomwallerstein@quinnemanuel.com
  Igor Piryazev (Bar No. 253149)
  igorpiryazev@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

Attorneys for Plaintiff/Counterclaim Defendant
Kraft Foods Holdings, Inc. and Third Party
Defendant Kraft Foods Global, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KRAFT FOODS HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE PROCTER & GAMBLE COMPANY, <br><br> Defendant. <br><br> THE PROCTER & GAMBLE COMPANY, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> KRAFT FOODS HOLDINGS, INC. <br><br> Counterclaim Defendant <br><br> and <br><br> KRAFT FOODS GLOBAL, INC., <br><br> Third-Party Defendant. | CASE NO. 3:08-cv-00930 JCS <br><br> **KRAFT FOODS HOLDINGS, INC.'S AND KRAFT FOODS GLOBAL INC.'S ANSWER TO COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS OF THE PROCTER & GAMBLE COMPANY** <br><br> JURY TRIAL DEMANDED |

51284/2395309.1

Case No. 3:08-cv-00930 JCS
KRAFT FOODS HOLDINGS, INC.'S AND KRAFT FOODS GLOBAL INC.'S ANSWER TO COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS OF THE PROCTER & GAMBLE COMPANY

Kraft Foods Holdings, Inc. ("KFH") and Kraft Foods Global, Inc. ("KFG") (collectively, "Kraft") hereby answer Count III of the counterclaim and third party complaint of The Procter & Gamble Company, as follows:

## I. ANSWER

### COUNT III: INFRINGEMENT OF '419 PATENT

16. Kraft incorporates by reference its responses, filed in the Western District of Wisconsin, Case No. 07-cv-0613-S, to paragraphs 1-15 of P&G's counterclaim and third party complaint.

17. Kraft is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17 of P&G's counterclaim and third party complaint and therefore denies them. Kraft specifically denies that it is liable for infringement of the '419 patent.

18. Kraft denies the allegations in paragraph 18 of P&G's counterclaim and third party complaint.

19. Kraft denies the allegations in paragraph 19 of P&G's counterclaim and third party complaint.

20. Kraft admits only that KFH is a wholly-owned subsidiary of KFG, and denies the remainder of the allegations in paragraph 20 of P&G's counterclaim and third party complaint.

21. Kraft denies the allegations in paragraph 21 of P&G's counterclaim and third party complaint.

22. Kraft denies the allegations in paragraph 22 of P&G's counterclaim and third party complaint.

23. Kraft denies the allegations in paragraph 23 of P&G's counterclaim and third party complaint.

## II. AFFIRMATIVE DEFENSES

For its Affirmative Defenses to the Complaint, Kraft alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### STAY OF ACTION

24. P&G's counterclaim and third party complaint, and all proceedings in furtherance thereof, before this Court are improper and should be stayed pending completion of any pending reexamination of the '418 patent.

**SECOND AFFIRMATIVE DEFENSE**
**NON-INFRINGEMENT OF THE '419 PATENT**

25. Kraft has not infringed, and currently does not infringe, the '419 patent directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

**THIRD AFFIRMATIVE DEFENSE**
**INVALIDITY OF THE '419 PATENT**

26. The claims of the '419 patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112.

**THIRD AFFIRMATIVE DEFENSE**
**EQUITABLE ESTOPPEL OF THE '419 PATENT**

27. Kraft is informed and believes, and thereon alleges, that the relief sought by P&G as to the '419 patent is barred, in whole or in part, under the doctrine of equitable estoppel.

**FOURTH AFFIRMATIVE DEFENSE**
**PROSECUTION HISTORY ESTOPPEL OF THE '419 PATENT**

28. Kraft is informed and believes, and thereon alleges, that the relief sought by P&G as to the '419 patent is barred under the doctrine of prosecution history estoppel.

**FIFTH AFFIRMATIVE DEFENSE**
**DEDICATION OF THE '419 PATENT**

29. Kraft is informed and believes, and thereon alleges, that the relief sought by P&G is barred because all embodiments not literally claimed in the '419 patent were dedicated to the public.

**SIXTH AFFIRMATIVE DEFENSE**
**FAILURE TO STATE A CLAIM FOR THE '419 PATENT**

30. P&G's counterclaim and third party complaint fails to state a claim upon which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE
### MARKING OF THE '419 PATENT

31. P&G's pre-counterclaim and third party complaint claims for damages as to the '419 patent are barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

### EIGHTH AFFIRMATIVE DEFENSE
### LACHES OF THE '419 PATENT

32. P&G's pre-counterclaim and third party complaint claims for damages as to the '419 patent are barred, in whole or in part, under the doctrine of laches.

## III. COUNTERCLAIMS

Kraft alleges as follows:

1. By asserting these counterclaim Kraft does not concede, and expressly disputes, the propriety of this action going forward in light of the pending reexamination of the '418 patent.

2. Kraft counterclaims against P&G pursuant to the patent laws of the United States in Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States in 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13.

### THE PARTIES

3. KFH is a Delaware corporation with its principal place of business in Northfield, Illinois.

4. KFG is a Delaware corporation with its principal place of business in Northfield, Illinois.

5. Upon information and belief, P&G is an Ohio corporation with its principal place of business in Cincinnati, Ohio.

### JURISDICTION AND VENUE

6. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

7. This Court has personal jurisdiction over P&G by virtue, *inter alia*, of P&G's having elected to file complaints in this Court.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNTERCLAIM - DECLARATORY JUDGMENT

9. By virtue of the allegations of P&G's counterclaim and third party complaint in this action and Kraft's Answer thereto, an actual controversy exists between Kraft and P&G as to whether the '419 patent is invalid, unenforceable and/or not infringed.

## FIRST COUNT

## DECLARATION OF NON-INFRINGEMENT OF THE '419 PATENT

10. Kraft restates and incorporates by reference each of the allegations of paragraphs 1 through 8 of this counterclaim.

11. P&G claims to be the owner by assignment of all legal rights and interest in the '419 patent.

12. P&G alleges infringement of the '419 patent by Kraft.

13. Kraft is not infringing and has not infringed any valid claim of the '419 patent, and P&G is entitled to no relief for any claim in its counterclaim and third party complaint.

## SECOND COUNT

## DECLARATION OF INVALIDITY OF '419 PATENT

14. Kraft restates and incorporate by reference each of the allegations of paragraphs 1 through 9 of this counterclaim.

15. P&G claims to be the owner by assignment of all legal rights and interest in the '419 patent.

16. P&G, by its counterclaim and third party complaint, contends that the '419 patent is valid and infringed by Kraft and the customers using Kraft's products or services.

17. Each and every claim of the '419 patent is invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and/or 112.

## JURY DEMAND

18. Kraft hereby demands a jury trial on all issues and claims so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Kraft prays that this Court:

51284/2395309.1

--4--                       Case No. 3:08-cv-00930 JCS
KRAFT FOODS HOLDINGS, INC.'S AND KRAFT FOODS GLOBAL INC.'S ANSWER TO COUNTERCLAIMS
AND THIRD-PARTY COMPLAINTS OF THE PROCTER & GAMBLE COMPANY

1.     Enter judgment against P&G and in favor of Kraft on each of the claims set forth in the P&G's counterclaim and third party complaint;

2.     Dismiss P&G's counterclaim and third party complaint with prejudice;

3.     Find and declare that the '419 patent is not infringed by Kraft;

4.     Find and declare that each of the claims of the '419 patent are invalid and/or unenforceable;

5.     Find that this is an exceptional case and award Kraft its attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise; and

6.     Assess all costs of this action, including reasonable attorneys' fees, against P&G;

7.     Enter an Order granting Kraft any other relief that the Court deems just and proper.

Dated: March 5, 2008

> By:     */s/ Evette D. Pennypacker*
> Claude M. Stern
> Evette D. Pennypacker
> **QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP**
> 555 Twin Dolphin Drive, Suite 560
> Redwood Shores, California 94065-2129
> Telephone: 650.801.5000
> Facsimile: 650.801.5100

51284/2395309.1

--5--    Case No. 3:08-cv-00930 JCS
KRAFT FOODS HOLDINGS, INC.'S AND KRAFT FOODS GLOBAL INC.'S ANSWER TO COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS OF THE PROCTER & GAMBLE COMPANY

# PROOF OF SERVICE

I, Thomas E. Wallerstein, declare under penalty of perjury under the laws of The United States of America that the following is true and correct:

I am employed in the City of Redwood Shores, County of San Mateo, State of California, in the office of a member of the bar of this court, at whose direction the service was made. I am a citizen of the United States, over the age of eighteen (18) years, and not a party to or interested in the within-entitled action. My business address is at the law firm QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP, 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065.

**KRAFT FOODS HOLDINGS, INC.'S AND KRAFT FOODS GLOBAL INC.'S ANSWER TO COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS OF THE PROCTER & GAMBLE COMPANY**

I caused copies of the above documents to be served on counsel for the parties in this action as follows:

**William C. Rooklidge**
RooklidgeW@howrey.com

**Greg Cordrey**
CordreyG@howrey.com

**BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from Tomwallerstein@quinnemanuel.com on March 5, 2008, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served on February .

I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business.

Executed on March 5, 2008 at Redwood Shores, California.

/s/ Thomas E. Wallerstein