WILLIAM C. ROOKLIDGE (SBN 134483)
MARTHA K. GOODING (SBN 101638)
BEN M. DAVIDSON (SBN 181464)
GREGORY S. CORDREY (SBN 190144)
JESSE D. MULHOLLAND (SBN 222393)
HOWREY LLP
4 Park Plaza, Suite 1700
Irvine, California 92614
Telephone: (949) 721-6900
Facsimile: (949) 721-6910
E-mail: rooklidgew@howrey.com
E-mail: goodingm@howrey.com
E-mail: davidsonb@howrey.com
E-mail: cordreyg@howrey.com
E-mail: mulhollandj@howrey.com

MARK D. WEGENER (*pro hac vice application pending*)
HOWREY LLP
1299 Pennsylvania Avenue, NW, Washington, DC 20004
Telephone: (202) 783-0800
Facsimile: (202) 383-6610
E-mail: wegenerm@howrey.com

Attorneys for Defendant The Procter & Gamble Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRAFT FOODS HOLDINGS, INC.,<br><br>  Plaintiff,<br><br>  vs.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>  Defendant. | Case No. 3:08-CV-00930-PJH<br><br>Transferred from W.D. Wisc.<br>Case No. 07C0613S<br><br>ADMINISTRATIVE MOTION BY DEFENDANT THE PROCTER & GAMBLE COMPANY FOR SCHEDULING AND STATUS CONFERENCE (L.R. 7-11) |
| THE PROCTER & GAMBLE COMPANY,<br><br>  Counterclaim Plaintiff,<br><br>  vs.<br><br>KRAFT FOODS HOLDINGS, INC.<br><br>  Counterclaim Defendant,<br><br>and<br><br>KRAFT FOODS GLOBAL, INC.<br><br>  Third-Party Defendant. | |

HOWREY LLP

This patent infringement action was transferred to this Court from the Western District of Wisconsin, where it had been actively proceeding toward a September 8, 2008 trial date. Indeed, by the time the transfer order was entered, the parties had made their Rule 26 disclosures, had exchanged extensive written discovery, and were preparing to begin fact depositions so as to comply with the case scheduling order that had been entered in the action, which – among other things – set a May 1, 2008 deadline for dispositive motions and a September 8, 2008 trial date.

Following transfer of the action to the Northern District, this Court issued a Related Case Order, dated February 27, 2008, in which it found this action related to Case No. C07-04413 and reassigned this action from Magistrate Judge Spero to this Court. In the same order, the Court ordered that "any deadlines established in a case management order *continue to govern*." 2/27/08 Related Case Order at 1 (emphasis added). However, in a later order, also issued on February 27 and entitled Order Setting Case Management Conference, the Court scheduled an initial case management conference for May 22, 2008 and ordered the parties to conduct their Rule 26 meet and confer. 2/27/08 Order Setting Case Management Conference at 1.

An ambiguity exists between the Court's order that existing case management deadlines continue to govern – which would mean, among other things, that the parties' dispositive motions are still due on May 1 – and its later order setting an initial case management conference for May 22, a date three weeks after the motions for summary judgment would be filed. It appears that, when the Court entered its Order Setting Case Management Conference, it may not have been aware of how far the case had already progressed in the District of Wisconsin prior to its transfer, including the fact that the parties' made their Rule 26 disclosures and conducted their Rule 26 meet and confer months ago, and were working toward a May 1, 2008 filing date for dispositive motions.

Accordingly, pursuant to Civil L.R. 7-11, Defendant The Procter & Gamble Company ("P&G") respectfully requests that the Court set a Scheduling and Status Conference at its earliest convenience so that the case can continue to move forward without delay and without ambiguity in the deadlines that govern the case.

**Procedural History**

On October 26, 2007, Kraft Foods Holding, Inc. ("KFH") filed a complaint for infringement of U.S. Patent No. 7,074,443 against P&G in the United States District Court for the Western District of Wisconsin (the "Wisconsin Action"). On October 31, 2007, P&G filed its Answer, Counterclaim, and Third Party Complaint against Kraft Foods Global, Inc. ("KFG") alleging infringement of U.S. Patent No. 7,169,419 ("'419 patent"). Both of the patents in suit in the Wisconsin Action were directed to packaging for ground, roasted coffee. The action transferred to this Court is P&G's complaint against KFH and KFG (collectively "Kraft") for infringement of the '419 patent.

Prior to the transfer, the parties were moving the case forward expeditiously, in accordance with the pretrial scheduling order issued by the Wisconsin court, which set a May 1, 2008 deadline for filing dispositive motions, an August 1, 2008 discovery cutoff, an August 6, 2008 pretrial conference, and a September 8, 2008 trial date. Declaration of Benjamin C. Deming ("Deming Decl.") ¶4. For example, the Court conduct a preliminary pre-trial conference on November 27, 2007; in early December 2007, both parties served their initial Rule 26 disclosures (which include P&G's preliminary infringement contentions regarding the '419 patent – the patent in suit here). *Id.* ¶ 5. In addition, both sides have served and responded to extensive written discovery. P&G has produced approximately 230,000 pages of documents, while Kraft has to date produced approximately 95,000 pages of documents. *Id.* ¶ 2. In addition, P&G has served (and Kraft has responded to) approximately 200 requests for production, 17 interrogatories, and 88 requests for admission. *Id.* For its part, Kraft has served (and P&G has responded to) 91 requests for production and 23 interrogatories. *Id.* The parties' discovery addresses the core issues relating to the '419 Patent, including:

- the parties' respective infringement and non-infringement contentions;
- Kraft's invalidity contentions;
- P&G's identification of evidence of non-obviousness;
- P&G's identification of evidence supporting its contention that Kraft's infringement is willful; and
- P&G's evidence of the conception and reduction to practice of the claimed inventions of the '419 Patent.

*Id.* ¶ 3. Following up on this extensive discovery, P&G was, at the time of the transfer, preparing to serve deposition notices on Kraft witnesses regarding the accused products, Kraft's claim construction position, and other topics related to Kraft's alleged infringement of the '419 patent. *Id.* ¶ 4. Moreover, because the deadline for amending pleadings or adding parties in the Wisconsin Action was December 27, 2007 (*id.*), the pleadings are in final form.

In short, litigation of the '419 patent claims was well underway at the time of the transfer; there is no reason to begin the case anew with another round of initial Rule 26 disclosures; and a Scheduling and Status Conference is needed to clarify and establish the deadlines that will keep the case moving toward resolution.

Kraft has made clear that it intends to try to bring the progress of this case to a halt. Immediately after the Wisconsin court issued its transfer order, Kraft's counsel advised that it would not provide any discovery related to the '419 patent, despite P&G's outstanding discovery requests directed to that patent. Deming Decl. Ex. 1. And Kraft has now filed a motion to stay this action. P&G asks that the Court hear this request for a Status Conference at the same time that it hears Kraft's motion for a stay, on April 9, 2008.

### **Compliance with Local Rule 7-11 and 7-12**

Pursuant to Local Rules 7-11 and 7-12 of this Court, P&G's counsel conferred with counsel for Kraft by telephone on February 7, 2008 in an attempt to enter into a stipulation regarding this motion. Declaration of Martha K. Gooding ("Gooding Decl.") ¶ 2. P&G suggested that the parties agree that fact discovery in this case should continue without delay, in accordance with the parties' previous discovery in the Wisconsin Action. *Id.* Further, P&G suggested that the parties agree to request a status or other case management conference with the Court to determine an appropriate schedule for the case. *Id.* Kraft's counsel advised P&G that Kraft did not agree and would not stipulate to or join in P&G's Motion. *Id.* Kraft's counsel indicated that, following transfer, it intended to ask the Court to stay the action pending the exhaustion of Kraft's efforts to secure reexamination of a different P&G patent – the '418 Patent – that is *not* at issue in this case. *See id.* P&G intends to oppose any stay of this action.

**Request for Relief**

For the reasons set forth above, Defendant P&G respectfully requests that the Court set a Scheduling and Status Conference so that this action may continue to progress toward resolution.

The electronic filer hereby attests that the individual whose name appears below has signed this document. *See* General Order 45, Section X.

Dated: March 6, 2008              Respectfully submitted,

                                  HOWREY LLP


                                  By:      /s/
                                        WILLIAM C. ROOKLIDGE
                                        Attorneys for Defendant
                                        THE PROCTER & GAMBLE
                                        COMPANY