QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
    claudestern@quinnemanuel.com
  Evette D. Pennypacker (Bar No. 203515)
    evettepennypacker@quinnemanuel.com
  Thomas E. Wallerstein (Bar No. 232086)
    tomwallerstein@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Plaintiff/Counterclaim Defendant
Kraft Foods Holdings, Inc. and Third Party
Defendant Kraft Foods Global, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KRAFT FOODS HOLDINGS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>Defendant. | CASE NO. C 08-930 PJH<br><br>**KRAFT'S OPPOSITION TO ADMINISTRATIVE MOTION OF P&G FOR SCHEDULING AND STATUS CONFERENCE** |
| THE PROCTER & GAMBLE COMPANY,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>KRAFT FOODS HOLDINGS, INC.,<br><br>Counterclaim Defendant<br><br>and<br><br>KRAFT FOODS GLOBAL, INC.,<br><br>Third-Party Defendant. | DATE: April 9, 2008<br>TIME: 9:00 a.m.<br>PLACE: Courtroom 3, 17th Floor<br>JUDGE: Hon. Patricia J. Hamilton |

**PRELIMINARY STATEMENT**

Kraft Foods Global, Inc. and Kraft Foods Holding, Inc. (collectively, "Kraft") submit the following response to The Procter & Gamble Company's Administrative Motion For Scheduling and Status Conference. In its motion, P&G asks this Court to "set a Scheduling and Status Conference at its earliest convenience . . . ." (Motion at 1:24.) But this Court has already scheduled a case management conference for May 22. And, Kraft filed a motion to stay this action that is currently set to be heard on April 9. There is no evidence to suggest that the May 22 case management conference should be held before the hearing on Kraft's stay motion. P&G argues that there is confusion among various Court orders. There is no such confusion. P&G's motion is merely an excuse to suggest to the Court, in the face of Kraft's recently filed motion to stay, that some special urgency in this matter is required. There is no urgency or confusion. P&G's motion should be denied.

**I.    There Is No Conflict Between This Court's Case Management Orders.**

P&G argues that "[a]n ambiguity exists" between this Court's orders issued on February 27, 2008. (P&G Administrative Motion at 1:15.) There is no such ambiguity. The first order issued that day was this Court's order finding that this case is related to the pending but stayed case <u>The Procter & Gamble Company v. Kraft Foods Global, Inc.</u>, Case No. C-07-04413-PJH. That order provided "any deadlines established in a case management order continue to govern . . . ." That same order also provided that "[a]ny case management conference in any reassigned case will be rescheduled by the Court." The second order issued on February 27, 2008 reassigned this matter to this Court, and set a case management conference for May 22, 2008.

P&G feigns confusion over these two orders and argues that because the related case order says that "any deadlines established in a case management order continue to govern," that order "would mean, among other things, that the parties' dispositive motions are still due on May 1" as set by the Western District of Wisconsin before this action was severed and transferred to this Court. (Motion at 1:16-18.) This makes no sense.

The case management order setting dispositive motion deadlines for May 1 was issued in the Wisconsin action. P&G's '419 claims were <u>severed</u> from that action. The Wisconsin court

-1-
KRAFT'S OPP. TO P&G'S ADMINISTRATIVE MOTION FOR SCHEDULING AND STATUS CONFERENCE
CASE NO. C 08-930 PJH

1  found that P&G's claims "for infringement of the '419 patent <u>are discrete and separate</u> from
2  Kraft's claim for infringement of the '443 patent." (Declaration of Evette D. Pennypacker
3  ("Pennypacker Decl."), Ex. A at 6.) This Court is not bound by case management orders that were
4  entered by a different court applying different procedures before these claims were severed and
5  transferred. In fact, Civil Local Rule 16-2(c) specifically states: "When a civil action is
6  transferred to this district, the Court shall issue to the plaintiff an Order Setting Initial Case
7  Management Conference . . . ."

8  Moreover, P&G has never suggested to Kraft that it believes that dispositive motions in
9  this transferred case were due according to the schedule set before the '419 claims were severed
10 and transferred. In fact, on January 25, 2008, the very day it received the order severing and
11 transferring the '419 claims to this Court, Kraft informed P&G that discovery on the '419 claims
12 would no longer proceed in Wisconsin. (Declaration of Benjamin Deming in support of P&G's
13 Administrative Motion, Ex. 1.) P&G never responded to Kraft's letter and never suggested that a
14 dispositive motion deadline was in effect for the transferred '419 claims.

15 P&G is well aware that, unlike proceedings in the Western District of Wisconsin, this
16 Court's Local Patent Rules require, before dispositive motions are due, that the parties exchange
17 preliminary claim constructions and extrinsic evidence, prepare and submit a joint claim
18 construction and prehearing statement, complete claim construction discovery, complete and
19 submit claim construction briefing, and schedule and complete a <u>Markman</u> hearing. (Patent L.R.
20 11-13.) Between January 25, the date that this matter was transferred to this Court, and P&G's
21 filing of its administrative motion, P&G never asked Kraft to help prepare any of these materials.

22 P&G also overstates the limited discovery that has been conducted regarding the '419
23 claims while those claims were pending in the Western District of Wisconsin, which does not have
24 patent local rules or procedures. (<u>See</u> Motion at 2-3.) P&G describes the discovery that has been
25 conducted in the Wisconsin case prior to its '419 claims being severed and transferred, but
26 declines to point out that parts of that discovery related to Kraft's '443 patent infringement claim,
27
28

51282/2426963.1

-2-
KRAFT'S OPP. TO P&G'S ADMINISTRATIVE MOTION FOR SCHEDULING AND STATUS CONFERENCE
CASE NO. C 08-930 PJH

which is not at issue here. Moreover, the parties ceased conducting <u>any</u> discovery on the '419 claims as of January 25 when the claims were severed and transferred to this Court.[1] P&G fails to explain why it is relevant that the parties have conducted some discovery on the '419 claims or why that means that this Court need proceed with any specialized urgency.[2] There is no urgency or confusion, and P&G's motion should be denied.

## II. There Is No Urgency Requiring An Earlier Case Management Conference Than The Conference This Court Already Has Scheduled.

This Court has scheduled a case management conference for May 22, 2008. Although P&G asks that its administrative motion be heard on April 9, 2008, and that at that time the Court set a case management conference "at its earliest convenience," P&G implies that this Court should set a case management conference sometime prior to May 22. P&G fails to justify any particular urgency for why a case management conference is necessary prior to the one already scheduled by this Court. P&G has not moved for a preliminary injunction. Nor could it, because over eight months have passed since Kraft introduced its allegedly infringing product.

Indeed, Kraft is prepared to provide evidence that, as P&G well knows, P&G has not suffered any injury, much less irreparable injury, as a result of Kraft's introduction of its plastic 39-ounce Maxwell House® brand container. Since the parties were last before this Court on P&G's motion for preliminary injunction in the stayed '418 matter, the evidence has been conclusive that Kraft's allegedly infringing product has not usurped P&G sales or market share. In any event, if P&G's infringement allegations are correct, it can seek damages for any such infringement after the validity and scope of the '418 and '419 patents are finally determined. This is precisely what the Western District of Wisconsin found when it transferred this case to this District: "P&G . . . <u>does not elaborate why docket speed is necessary</u> in this case. It is not

---

[1] P&G has, however, impermissibly attempted to gain '419 discovery in Wisconsin by ignoring the Wisconsin court's determination that P&G's claims "for infringement of the '419 patent are discrete and separate from Kraft's claim for infringement of the '443 patent." Some of P&G's attempts in that regard are currently the subject of motion practice in Wisconsin.

[2] P&G also is wrong that "the pleadings are in final form." (Motion at 3:5.) As per the agreement of the parties, Kraft filed in this Court an answer and counterclaims in this matter on March 5, 2008. P&G has not yet filed a responsive pleading.

disputed that the parties sell competing coffee containers but <u>P&G does not explain why it could not be readily compensated by a reasonable royalty</u>." (Pennypacker Decl., Ex. A at 8 (emphasis added).)

### III. The Court Should Decide Kraft's Motion To Stay Before the Parties and The Court Waste Resources Further Litigating P&G's '419 Patent Infringement Claim.

P&G implies that Kraft is acting improperly because "it intends to try to bring the progress of this case to a halt." (Motion at 3.) It is no secret that Kraft has filed a motion to stay this action. Kraft scheduled the hearing on its motion as expeditiously as possible. This case was transferred to this Court on February 27. Kraft filed its motion to stay on the first available opportunity for this Court's schedule, on March 5. The hearing on Kraft's motion to stay is scheduled for April 9, 2008, just over four weeks away.

Kraft's grounds for a stay of this case are overwhelming. This Court already has determined that this case is related to prior litigation brought by P&G that currently is stayed. In other words, this Court already has determined that this litigation "involve[s] the same parties, assert[s] virtually identical claims, and involve[s] the same property, transactions, events and questions of law." Civ. L.R. 3-12(a)(1). There is no urgency to litigate claims that are so intimately related to claims that have themselves been stayed.

The '419 patent at issue here is virtually identical to the '418 patent that is the subject of this Court's October 11 stay order. The '419 patent and the '418 patent were issued on the same day, share the same specification, relate back to the same provisional application and share substantially similar claim language. In both cases P&G seeks damages and an injunction against and damages for sales of the very same 39-ounce plastic Maxwell House brand coffee container. The identity between P&G's '418 patent case in California and its '419 patent countersuit in the Western District of Wisconsin led the Wisconsin court to sever and transfer the '419 patent claims to this Court. Notably, that court held that "discovery concerning the '418 and '419 patents will be intertwined" and that

> the terms found in the '419 patent which are also found in the '418 patent shall be construed to have the same meaning in both patents because they both refer to the '338 patent application as their parent patent application . . . . The requirement that the terms be construed

-4-
KRAFT'S OPP. TO P&G'S ADMINISTRATIVE MOTION FOR SCHEDULING AND STATUS CONFERENCE
CASE NO. C 08-930 PJH

quinn emanuel

51282/2426963.1

> to have the same meaning in patents sharing a common ancestry means that separate construction of the '419 patent's claims that contain terms used in the '418 patent's claims could lead to inconsistent claim construction and inconsistent judgment concerning the patents. (Pennypacker Decl. Ex. ___.)

In other words, the close relationship of the '418 and '419 patents means that there will be substantially overlapping claim construction work, and <u>the outcome of the pending *inter partes* reexamination of the '418 patent will have a direct impact on the scope and meaning of the '419 patent claim terms at issue here</u>. Accordingly, Kraft has moved this Court to stay P&G's '419 patent infringement action to conserve the Court's and the parties' resources until reexamination of the '418 patent has finally concluded. Kraft has made compelling arguments for a stay. In contrast, P&G has offered no reason why the case should be rushed, and it makes sense for the Court to hear and rule on Kraft's motion to stay before the parties and the Court expend resources litigating P&G's claim.

## CONCLUSION

The only relief P&G actually requests in its administrative motion is that, on April 9, this Court set a case management and status conference. Should this Court decline to grant Kraft's motion to stay this litigation at that time, Kraft obviously has no objection to the Court then setting a case management conference for its earliest convenience thereafter, which would appear to be May 22, 2008.

DATED: March 10, 2008        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By   //s//
   Claude M. Stern
   Evette D. Pennypacker
   Thomas E. Wallerstein
   Attorneys for Plaintiff/Counterclaim Defendant
   Kraft Foods Holdings, Inc. and Third Party
   Defendant Kraft Foods Global, Inc.

## PROOF OF SERVICE

I, Thomas E. Wallerstein, declare under penalty of perjury under the laws of The United States of America that the following is true and correct:

I am employed in the City of Redwood Shores, County of San Mateo, State of California, in the office of a member of the bar of this court, at whose direction the service was made. I am a citizen of the United States, over the age of eighteen (18) years, and not a party to or interested in the within-entitled action. My business address is at the law firm QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP, 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065.

**KRAFT'S OPPOSITION TO ADMINISTRATIVE MOTION OF P&G FOR SCHEDULING AND STATUS CONFERENCE**

**DECLARATION OF EVETTE D. PENNYPACKER IN SUPPORT OF KRAFT'S OPPOSITION TO ADMINISTRATIVE MOTION OF P&G FOR SCHEDULING AND STATUS CONFERENCE**

I caused copies of the above documents to be served on counsel for the parties in this action as follows:

| | |
|---|---|
| **William C. Rooklidge** | **Greg Cordrey** |
| RooklidgeW@howrey.com | CordreyG@howrey.com |

**BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from Tomwallerstein@quinnemanuel.com on March 10, 2008, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served on February .

I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business.

Executed on March 10, 2008, at Redwood Shores, California.

_/s/ Thomas E. Wallerstein_
Thomas E. Wallerstein

2
PROOF OF SERVICE: KRAFT'S MOTION FOR A STAY