QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
    claudestern@quinnemanuel.com
  Evette D. Pennypacker (Bar No. 203515)
    evettepennypacker@quinnemanuel.com
  Thomas E. Wallerstein (Bar No. 232086)
    tomwallerstein@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Plaintiff/Counterclaim Defendant
Kraft Foods Holdings, Inc. and Third Party
Defendant Kraft Foods Global, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KRAFT FOODS HOLDINGS, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>  Defendant. | CASE NO. C 08-930 PJH<br><br>**DECLARATION OF EVETTE D. PENNYPACKER IN SUPPORT OF KRAFT'S OPPOSITION TO ADMINISTRATIVE MOTION OF P&G FOR SCHEDULING AND STATUS CONFERENCE** |
| THE PROCTER & GAMBLE COMPANY,<br><br>  Counterclaim Plaintiff,<br><br>  v.<br><br>KRAFT FOODS HOLDINGS, INC.,<br><br>  Counterclaim Defendant<br><br>  and<br><br>KRAFT FOODS GLOBAL, INC.,<br><br>  Third-Party Defendant. | DATE:   April 9, 2008<br>TIME:   9:00 a.m.<br>PLACE:  Courtroom 3, 17th Floor<br>JUDGE:  Hon. Patricia J. Hamilton |

DECLARATION OF EVETTE D. PENNYPACKER IN SUPPORT OF KRAFT'S OPPOSITION TO ADMINISTRATIVE MOTION OF P&G FOR SCHEDULING AND STATUS CONFERENCE
CASE NO. C 08-930 PJH

51282/2426963.1

I, Evette D. Pennypacker, declare as follows:

1. I am an attorney licensed to practice law in the State of California. I am a partner of the law firm Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel of record for Plaintiff/Counterclaim Defendant Kraft Foods Holdings, Inc. ("KFH") and Third Party Defendant Kraft Foods Global, Inc. ("KFG") (collectively "Kraft") in this matter. I make this declaration in support of Kraft's Opposition to Administrative Motion of P&G for Scheduling and Status Conference. I have personal knowledge of the facts stated herein and if called to testify could and would competently testify thereto.

2. Attached hereto as Exhibit A is a true and correct copy of an Order dated January 24, 2008, in the matter <u>Kraft Foods Holdings, Inc. v. The Procter & Gamble Company</u>, United States District Court for the Western District of Wisconsin, Case No. 07-cv-613-jcs, severing and transferring certain counterclaims and third party complaints filed by P&G to the United States District Court for the Northern District of California.

I declare under penalty of perjury under the laws of the United States that the above statements are true and correct. Executed this 10th day of March, 2008, in the City of Redwood Shores, California.

DATED: March 10, 2008        QUINN EMANUEL URQUHART & HEDGES, LLP


By //s// *Evette D. Pennypacker*
Evette D. Pennypacker
Attorneys for Plaintiff/Counterclaim Defendant
Kraft Foods Holdings, Inc. and Third Party
Defendant Kraft Foods Global, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

KRAFT FOODS HOLDINGS, INC.,

    Plaintiff,

  v.

THE PROCTOR & GAMBLE COMPANY,

    Defendant/Counterclaim Plaintiff

  v.

KRAFT FOODS HOLDINGS, INC.,

    Counterclaim Defendant

and

KRAFT FOODS GLOBAL, INC.

    Third-Party Defendant.
_____

MEMORANDUM AND ORDER

07-cv-613-jcs

    Plaintiff Kraft Foods Holding, Inc. ("KFH") commenced this patent infringement action alleging that defendant the Proctor and Gamble Company ("P&G") has infringed on KFH's United States Patent number 7,074,443 (hereinafter the '443 patent) as infringement is defined under 35 U.S.C. § 271. P&G responded by filing a counterclaim and a third party complaint against KFH and Kraft Foods Global, Inc. ("Global") alleging that KFH and Global have infringed on P&G's United States Patent number 7,169,419 (hereinafter the '419 patent). Jurisdiction is based on 28 U.S.C. §§ 1331 and 1338(a). The matter is currently before the Court on plaintiff's motion to dismiss or in the alternative transfer or

stay defendant Proctor & Gamble Company's counterclaim and third party complaint. The following facts relevant to plaintiff's pending motion are undisputed.

BACKGROUND

Both KFH and Global (collectively "Kraft") are Delaware corporations with their principal places of business in Northfield, Illinois. P&G is an Ohio corporation with its principal place of business in Cincinnati, Ohio. Kraft and P&G are competitors in the United States market for ground roast coffee.

KFH is the assignee of the '443 patent, which is a patent directed to a spacing structure placed in the overcap of a coffee container to prevent the vent valve in the flexible peel-off lid on the container from being closed due to contact with the overcap. P&G is the assignee of both United States Patent number 7,169,418 (hereinafter the '418 patent) and the '419 patent. Both the '418 and '419 patents are directed to a packaging system to provide fresh packaged coffee.

Both the '418 and '419 patents share a parent patent application. The '418 patent arose completely from patent application number 10/155,338 (hereinafter the '338 application). The '419 patent was applied for as a "continuation-in-part" of the '338 application, which means that it repeats portions of the '338 application and adds new disclosures. Although the '419 patent mirrors the '418 patent in many ways it also has its differences.

One difference is the '419 patent's addition of a "stand-off [to] prevent blockage of a valve disposed on and/or within a flexible film . . . ." '419 patent col. 13, ll. 29-30.

On January 31, 2007 Kraft filed a petition for inter partes reexamination with the United States Patent and Trademark Office ("PTO") requesting that the '418 patent's claims be found invalid as obvious. The PTO denied Kraft's request. After the PTO denial, P&G filed an action against Kraft in the United States District Court for the Northern District of California alleging that sales of Kraft's 39-ounce plastic containers of Maxwell House brand coffee infringe the '418 patent (hereinafter the "California action"). P&G sought a preliminary injunction in the California action, but Judge Phyllis J. Hamilton ordered the case stayed until Kraft exhausted its appeal of the PTO's decision.

On October 26, 2007 KFH filed the current infringement action against P&G in the Western District of Wisconsin alleging that P&G's vented coffee container infringes on the '443 patent. On October 31, 2007 P&G filed its answer and asserted a counterclaim against KFH as well as a third party claim against Global alleging that sales of Kraft's 39-ounce plastic containers of Maxwell House brand coffee infringe on the '419 patent. On November 29, 2007 Kraft filed a motion to dismiss P&G's counterclaim and third party complaint without prejudice or in the alternative to stay the

3

counterclaim and third party complaint or transfer them to the Northern District of California.

MEMORANDUM

Kraft argues that P&G's counterclaim and third party claim must be dismissed without prejudice as duplicative of the California action. Kraft further argues that if dismissal is not appropriate then the counterclaim and third party claim should be stayed or transferred to the Northern District of California because the outcome concerning the '418 patent in the California action will affect an infringement determination concerning the '419 patent. Conversely, P&G argues that its counterclaim and third party claim for infringement of the '419 patent are correctly a part of the current action because the '419 patent addresses a similar invention as the '443 patent (i.e., the patent in suit).

Kraft's argument for dismissal without prejudice is not persuasive for such a dismissal would not serve judicial economy. Should P&G's counterclaim and third party claim for infringement of the '419 patent be dismissed without prejudice there is nothing preventing it from refiling the same claim in this Court and starting from the beginning. Accordingly, it would not serve judicial economy to dismiss the counterclaim and third party claim without prejudice.

Kraft's argument for a stay of P&G's infringement counterclaim and third party claim is also not persuasive. Should P&G's infringement claim be stayed pending determinations in the California action or pending determinations by the PTO, the claim could remain long after the infringement claim concerning the '443 patent is terminated. Having P&G's infringement claim pending here and in California serves no purpose. Accordingly, it does not serve judicial economy to stay P&G's counterclaim and third party claim.

What remains is Kraft's request that P&G's counterclaim and third party claim for infringement be transferred to the Northern District of California where it could be consolidated with the California action addressing infringement of the '418 patent. Before the Court could transfer the counterclaim and third party claim for infringement the claims would have to be severed from this case. Under Federal Rule of Civil Procedure 21 a court may sever any claim against a party. The Seventh Circuit has reasoned that "a district court may sever claims under Rule 21, creating two separate proceedings, so long as the two claims are 'discrete and separate,'" (i.e., "one claim must be capable of resolution despite the outcome of the other claim"). <u>Gaffney v. Riverboat Serv. of Ind., Inc.</u>, 451 F.3d 424, 442 (7th Cir. 2006) <u>cert. denied</u>, 127 S. Ct. 933 (2007) (<u>quoting</u> <u>Rice v. Sunrise Express, Inc.</u>, 209 F.3d 1008, 1016 (7th Cir. 2000)).

In this case, P&G's counterclaim and third party claim for infringement of the '419 patent are "discrete and separate" from Kraft's claim for infringement of the '443 patent. Kraft's infringement claim can be resolved regardless of the outcome of P&G's infringement claim. In fact, it is possible that Kraft's coffee container could infringe the '419 patent and that P&G's coffee container could infringe the '443 patent as well. Accordingly, severance of P&G's counterclaim and third party claim for infringement is permissible.

Severing P&G's counterclaim and third party claim for infringement allows the Court to address whether those claims should be transferred to the Northern District of California. A motion for transfer of venue is governed by 28 U.S.C. § 1404(a) which states: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." For transfer of venue to be proper it must be established that the case might have been brought in the transferee district and that the transfer is for the convenience of parties and witnesses and in the interest of justice. See Coffey v. Van Dorn Iron Works, 796 F.2d 217, 220 (7th Cir. 1986). Here, there is no dispute that P&G could have brought its counterclaim and third party claim in the Northern District of California. Accordingly,

the Court's inquiry focuses solely on "the conveniences of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

In ruling on Kraft's motion to transfer venue the Court must consider all circumstances of the case using the three statutory factors as place holders in its analysis. Coffey, 796 F.2d at 219. Also, Kraft, as the moving party, bears the burden to establish by reference the particular circumstances that the transferee forum is clearly more convenient. Id. at 219-220.

Kraft cannot claim the Northern District of California as its home forum. Also, the Western District of Wisconsin is not P&G's home forum which means that P&G's choice of forum receives no special deference. Doagle v. Bd. of Regents, 950 F. Supp. 258, 259 (N.D. Ill. 1997). The Court then accepts each party's assessment of its own convenience. Furthermore, no significant witnesses for whom in court testimony would be necessary are located within either district. Accordingly, the convenience of the parties and witnesses does not weigh in favor of either district and does not clearly favor transfer. See In re Nat'l Presto Indus., Inc., 347 F.3d 662, 665 (7th Cir. 2003).

The interests of justice factor is determinative in this case. See Coffey, 796 F.2d at 220. The interests of justice analysis involves the consideration of factors relating to "'the efficient administration of the court system' not to the merits of the underlying dispute." Milwaukee Elec. Tool Corp. v. Black & Decker

7

(N.A.) Inc., 392 F. Supp. 2d 1062, 1065 (W.D. Wis. 2005) (quoting Coffey, 796 F.2d at 221). For example, two permissible factors are the likelihood of a speedy trial and the feasibility of consolidation of related litigation. Coffey, 796 F.2d at 221.

P&G argues that the interest of justice does not favor transfer because its counterclaim and third party claim for infringement of the '419 patent involves the same technology as Kraft's claim for infringement of the '443 patent. As previously explained P&G's infringement counterclaim and third party claim are discrete and separate from Kraft's infringement claim regardless of any similar technology. The separateness of the claims further supports that a detailed examination of the '419 patent is not necessary to address infringement of the '443 patent and vice versa. Also, the "technology" (i.e., a space in a cover to prevent the cover from touching and in effect closing a valve in a peel-off lid) is not complex but something that is easily comprehended by any judge. Accordingly, the similar technology involved does not support that the interests of justice disfavor transfer.

Although P&G mentions the speed of this Court's docket[1] as one reason why the interests of justice do not favor transfer, it does not elaborate why docket speed is necessary in this case. It is not disputed that the parties sell competing coffee containers but

---

[1] P&G placed in a footnote that this district's median time to trial is 11.4 months compared to 27 months for the Northern District of California.

P&G does not explain why it could not be readily compensated by a reasonable royalty. Accordingly, P&G has failed to provide reasoning which supports giving much weight to the speedy trial factor. See Encyclopaedia Britannica, Inc. v. Magellan Navigation, Inc., 512 F. Supp. 2d 1169, 1176 (W.D. Wis. 2007).

Kraft argues that transfer will serve judicial economy because P&G's counterclaim and third party claim for infringement of the '419 patent can be consolidated with the California action. Transfer and consolidation of actions involving common questions of law or fact support judicial economy and favor transfer in the interests of justice. Id. The facts and circumstances surrounding P&G's counterclaim and third party claim for infringement of the '419 patent weigh heavily in favor of transfer to conserve judicial resources through consolidation.

First, it would serve practicality to consolidate P&G's counterclaim and third party claim with the California action. The parties in both actions are the same, i.e., P&G versus Kraft. Also, there will be common questions of law and fact because each action involves the same potentially infringing product, i.e., Kraft's 39-ounce plastic containers of Maxwell House brand coffee. The '418 and '419 patents in each action share claim language and a parent patent application, i.e., the '338 patent application.

Furthermore, discovery concerning the '418 and '419 patents will be intertwined. The history of each patent will require

9

information about the '338 patent application. Also, as a "continuation-in-part" the '419 patent shares a common inventor with the '418 patent and it shares drawings as well as specification and claim language. Accordingly, coordinating discovery in one district would promote efficiency among the parties as well as avoid duplication of discovery among the parties concerning related patents.

Finally, if P&G's counterclaim and third party claim for infringement of the '419 patent is not transferred and consolidated there remains a risk of inconsistent claim construction and inconsistent judgments. See Encyclopaedia, 512 F. Supp. 2d at 1177. The Federal Circuit has explained that in construing a term found in claims in separate patents that were formed from a parent patent application "it would be improper to construe [the] term differently in one patent than another, given their common ancestry." Abtox, Inc. v. Exitron Corp., 131 F.3d 1009, 1010 (Fed. Cir. 1997). The reasoning in Abtox requires that the terms found in the '419 patent which are also found in the '418 patent shall be construed to have the same meaning in both patents because they both refer to the '338 patent application as their parent patent application. Id. The requirement that terms be construed to have the same meaning in patents sharing a common ancestry means that separate construction of the '419 patent's claims that contain terms used in the '418 patent's claims could lead to inconsistent

claim construction and inconsistent judgments concerning the patents. Accordingly, having the same court construe the claims of the '418 patent as well as the claims of the '419 patent would provide a more efficient administration of the court system by avoiding both inconsistent claim construction and inconsistent judgments.

Based on the present facts and circumstances, balancing the weight of a speedier disposition in this district against the weight of transferring and consolidating P&G's counterclaim and third party claim with the California action in an effort to best serve judicial and litigant economy and efficiency, tips the scale overwhelmingly toward the interests of justice which favors transfer to the Northern District of California. Accordingly, Kraft has demonstrated that the Northern District of California is clearly the more convenient forum and its motion to transfer venue to that district must be granted.

ORDER

IT IS ORDERED that defendant's counterclaim and third party claim for infringement of the '419 patent is SEVERED from the current action.

IT IS FURTHER ORDERED that plaintiff's motion to transfer venue to the Northern District of California is GRANTED as it

relates to the severed counterclaim and third party claim for infringement of the '419 patent.

IT IS FURTHER ORDERED that plaintiff's motion to dismiss or stay is DENIED.

IT IS FURTHER ORDERED that defendant's motion for oral argument is DENIED as moot.

Entered this 24th day of January, 2008.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge