1  William C. Rooklidge (SBN 134483)
   Martha K. Gooding (SBN 101638)
2  Ben M. Davidson (SBN 181464)
   Gregory S. Cordrey (SBN 190144)
3  Jesse D. Mulholland (SBN 222393)
   HOWREY LLP
4  4 Park Plaza, Suite 1700
   Irvine, California 92614
5  Telephone: (949) 721-6900
   Facsimile: (949) 721-6910
6  E-mail: rooklidgew@howrey.com
   E-mail: goodingm@howrey.com
7  E-mail: davidsonb@howrey.com
   E-mail: cordreyg@howrey.com
8  E-mail: mulhollandj@howrey.com

9  Attorneys for Counterclaim Plaintiff
   The Procter & Gamble Company
10
   Claude M. Stern (SBN 96737)
11 Evette D. Pennypacker (SBN 203515)
   QUINN EMANUEL URQUHART
12  OLIVER & HEDGES, LLP
   555 Twin Dolphin Drive, Suite 560
13 Redwood Shores, CA 94065-2139
   E-mail: claudestern@quinnemanuel.com
14 E-mail: evettepennypacker@quinnemanuel.com

15 Attorneys for Counterclaim Defendants
   KRAFT FOODS HOLDINGS, INC. and
16 KRAFT FOODS GLOBAL, INC.

17

18                    **UNITED STATES DISTRICT COURT**

19                  **NORTHERN DISTRICT OF CALIFORNIA**

20                      **SAN FRANCISCO DIVISION**

21

22 KRAFT FOODS HOLDINGS, INC., et al.,    )    Case No. 3:08-CV-00930-PJH
                                          )
23            Plaintiffs and             )
              Counterclaim Defendants,    )    **JOINT CASE MANAGEMENT**
24                                        )    **STATEMENT**
          vs.                             )
25                                        )    Date: May 29, 2008
   THE PROCTER & GAMBLE COMPANY,          )    Time: 2:30 p.m.
26                                        )    Honorable Phyllis J. Hamilton
              Defendant and              )
27            Counterclaim Plaintiff.     )
                                          )
28 _____   )

1    Pursuant to the Court's February 27, 2008 Order Setting Case Management Conference and the

2    Court's Standing Order re Contents of Case Management Statement, Counterclaim Plaintiff The

3    Procter & Gamble Company ("P&G") and Counterclaim Defendants Kraft Foods Holdings, Inc.

4    ("KFH") and Kraft Foods Global, Inc. ("KFG") (collectively "Kraft") hereby submit this Joint Case

5    Management Statement.

6        1. **Jurisdiction and Service**:  This is a patent infringement action, in which P&G alleges that

7    Kraft is infringing and has infringed U.S. Patent No. 7,169,419, directed to a "Packaging System to

8    Provide Fresh Packed Coffee" (the "'419 Patent").  P&G is the assignee of all rights and interest in the

9    '419 Patent.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a)

10   because this action arises under the patent laws of the United States.  All named parties have been

11   served.  The parties are not aware of any issues regarding personal jurisdiction or venue.

12       2. **Facts**:  P&G and Kraft are the two leading competitors in the U.S. market for ground, roast

13   coffee.  P&G sells Folgers coffee, and Kraft sells Maxwell House coffee.  In brief, the principal issues

14   in dispute are (a) whether Kraft has infringed, and continues to infringe, P&G's '419 Patent; (b)

15   whether Kraft's alleged infringement is willful, thereby entitling P&G to enhanced damages and

16   attorney fees; (c) what relief, including damages and injunctive relief, is appropriate to remedy Kraft's

17   alleged infringement of the '419 Patent; and (d) whether the '419 Patent is invalid and/or

18   unenforceable.  More specifically, the parties state as follows:

19       **P&G asserts the following**:  In 2003, after investing years of research and millions of dollars,

20   P&G revolutionized the ground roast coffee market by packaging and selling its coffee in innovative

21   plastic containers, instead of traditional steel cans.  This action revolves around that packaging

22   innovation, which Kraft later copied and adopted for its own coffee products.  P&G has been awarded

23   two United States utility patents related to its innovative packaging:  U.S. Patent No. 7,169,418 (the

24   "'418 Patent") and the '419 Patent.  Only the '419 Patent is at issue in this action.  The '418 Patent is

25   the subject of a different action brought by P&G against Kraft, which is also pending before this Court

26   (Case No. 07-04413), but has been stayed pending Kraft's efforts to challenge the U.S. PTO's issuance

27   (and affirmance) of the '418 Patent, both before the PTO and, ultimately, the Federal Circuit.  Kraft

28   has not challenged the '419 Patent at issue in this action.

1    In this action, P&G alleges that Kraft has infringed and continues to infringe the '419 patent by

2    making, using and selling 39-ounce plastic containers of Maxwell House coffee within the United

3    States. P&G further alleges that Kraft's infringement of the '419 patent is willful, entitling P&G to

4    enhanced damages and attorney fees under 35 U.S.C. §§ 284 and 285, respectively.

5    P&G's counterclaim against Kraft for infringing the '419 Patent initially was asserted by P&G

6    in a patent infringement action brought by Kraft against P&G in the Western District of Wisconsin (the

7    "Wisconsin Action"). Kraft's motion to sever and transfer P&G's counterclaim was granted by the

8    Wisconsin court in an order dated January 24, 2008.

9    Kraft plainly wants to delay any judgment on the merits of P&G's claims as long as possible.

10   Accordingly, Kraft earlier filed a motion to stay this action indefinitely, arguing (a) that P&G's effort

11   to enforce its patent rights in the '419 Patent is "duplicative" of P&G's separate action against Kraft to

12   enforce its patent rights in the '418 Patent and (b) that this action on the *'419 patent* should be stayed

13   while Kraft continues to pursue its unsuccessful reexamination attack on the *'418 patent*. The Court

14   took Kraft's motion off calendar; directed the parties to meet and confer further regarding the motion;

15   and indicated that, if necessary, the motion could be renoticed following the Case Management

16   Conference.

17   P&G will oppose Kraft's continued effort to delay resolution of P&G's claims against it. This

18   action does not "duplicate" the action to enforce the '418 patent. The two patents are separate and

19   distinct rights, and P&G is entitled to enforce both. Moreover, Kraft has never challenged the validity

20   of the '419 patent. Thus, Kraft's protracted efforts to attack and appeal the PTO's issuance and

21   affirmance of P&G's *418 Patent* are irrelevant to this action by P&G to enforce the *'419 Patent*. The

22   '419 Patent is not being reexamined by the PTO, and Kraft's appeal of the PTO affirmance of the '418

23   Patent cannot (1) invalidate any claims of P&G's '419 patent; (2) rewrite the claims of the '419 Patent;

24   (3) distinguish the claims of the '419 Patent over the prior art cited in Kraft's unsuccessful re-

25   examination request; (4) construe the claims of the '419 Patent; or (5) preclude Kraft from later

26   challenging the validity of the '419 Patent here, if it believes it has a good faith basis for doing so. In

27   short, the '418 Patent appeal will not simplify the issues before this Court in this action, on the '419

28   Patent. There is no basis for a stay.

**Kraft asserts the following**: Kraft denies infringing P&G's patent and asserts that the '419 Patent is invalid and/or unenforceable.   Kraft's asserted affirmative defenses include equitable estoppel, prosecution history estoppel, dedication, failure to state a claim for relief, marking, and laches. Kraft also contends that this case is duplicative.  This Court already stayed litigation between Kraft and P&G over Kraft's plastic 39 ounce container for Maxwell House brand coffee because the only patent P&G asserted there, the 418 patent, was the subject of a still-pending *inter partes* reexamination proceeding before the PTO.  The *inter partes* proceeding is still pending.  Kraft has also filed a request for an *ex parte* reexamination of the '418 patent, which request was granted.  P&G brought patent infringement claims against Kraft in a pending lawsuit between the parties in the Western District of Wisconsin accusing Kraft of infringing the '419 patent, which patent is virtually identical to the '418 patent that is the subject of this Court's October 11 stay order.  The '419 patent and the '418 patent were issued on the same day, share the same specification, relate back to the same provisional application and share substantially similar claim language.  In P&G's '419 countersuit, P&G seeks damages and an injunction against sales of the very same 39-ounce plastic Maxwell House® brand coffee container it accused of infringement in the '418 patent case.  The identity between P&G's '418 patent case in California and its '419 patent countersuit in the Western District of Wisconsin led the Wisconsin court to sever and transfer the '419 patent claims to this Court.  Notably, that court held that "discovery concerning the '418 and '419 patents will be intertwined" and that

> the terms found in the '419 patent which are also found in the '418 patent shall be construed to have the same meaning in both patents because they both refer to the '338 patent application as their parent patent application . . . . The requirement that the terms be construed to have the same meaning in patents sharing a common ancestry means that separate construction of the '419 patent's claims that contain terms used in the '418 patent's claims could lead to inconsistent claim construction and inconsistent judgment concerning the patents.

In other words, the close relationship of the '418 and '419 patents means that there will be substantially overlapping claim construction work, and the outcome of the pending *inter partes* reexamination of the '418 patent will have a direct impact on the scope and meaning of the '419 patent

claim terms.  Accordingly, Kraft seeks to stay this lawsuit pending the outcome of the *inter partes* proceeding involving the '418 patent.

3. **Legal Issues**:  At this juncture, the parties have not yet identified disputed points of law, as opposed to the disputed factual issues set forth above regarding alleged infringement, damages, injunctive relief, willfulness and validity.

4. **Motions:**  Following transfer of this action from the Western District of Wisconsin, Kraft filed a motion to designate this action related to a prior action pending before the Court alleging infringement by Kraft of P&G's '418 Patent.  The motion was granted.  Kraft also filed a motion to stay this action and noticed its motion for hearing on April 9, 2008.  By Order dated March 11, 2008 – *before* P&G filed its opposition to the motion – the Court vacated the April 9 hearing date; set a May 22 Case Management Conference; ordered the parties to meet and confer further concerning the motion prior to the May 22 Conference; and indicated that, if a motion were necessary following the Case Management Conference, Kraft would be given leave to re-notice its motion.  (*See* Order re Administrative Motion and Vacating Hearing Date, Dkt. 22.)  Despite their further meet and confer on Kraft's motion to stay, the parties were unable to reach agreement; accordingly, the parties respectfully request that the briefing and hearing schedule on any renewed stay motion by Kraft be set according to the Local Rules of the Court.

The parties do not currently anticipate filing any other specific motions, but expect that, as the case progresses, there may be discovery motions and one or more motions for summary judgment.

5. **Amendment of Pleadings**:  P&G intends to dismiss Kraft Foods Holdings, Inc. as a defendant in this action.  The parties propose that the Court order that any amendments to the pleadings shall be filed and served no later than sixty (60) days following entry of the Case Scheduling Order.

6. **Evidence Preservation**:  Beginning in August 2007 in connection with Case No. 07-04413 related to the '418 Patent, P&G has taken steps to preserve evidence relevant to the issues reasonably evident in this action, including the interdiction of document retention policies and the retention of relevant e-mails and other electronically-recorded material.

Case No. 3:08-CV-00930-PJH
JOINT CASE MANAGEMENT STATEMENT

Beginning in August 2007 in connection with Case No. 07-04413 related to the '418 Patent, Kraft has taken steps to preserve evidence relevant to the issues reasonably evident in this action, including the interdiction of document retention policies and the retention of relevant e-mails and other electronically-recorded material.

7. **<u>Disclosures</u>**:  The parties exchanged Initial Disclosures in the Wisconsin action that relate to the claims at issue here, while the claims were pending in that court prior to their transfer to this District.  Accordingly, the parties have agreed to supplement those disclosures in this action within seven (7) days of the Court's May 29 Case Management Conference.

8. **<u>Discovery</u>**:  The parties discussed a discovery plan, as required by the Court's order and the Federal Rules.

**P&G contends as follows:**  P&G believes that discovery should begin promptly following the Case Management Conference.  At Kraft's request, and in the spirit of a "litigation stay" agreed upon by the parties in the Wisconsin case to permit them to continue their settlement negotiations, the parties agreed not to initiate any discovery in this action until after the May 29 Case Management Conference.  However, P&G contends that there is no legitimate reason to delay discovery beyond that point.  Furthermore, P&G believes that it will be prejudiced by any further delay or stay of discovery, and it requests the Court to enter a scheduling order as set forth in Paragraph 17 below.    The parties agreed during the Rule 26(g) conference that each side would be permitted to conduct 10 depositions in this action, excluding third party and expert depositions; each side would be permitted to propound 25 interrogatories in this action, not counting any interrogatories related to the claims in this action that were served while the claims were pending in the Western District of Wisconsin; that each 30(b)6 deposition notice would count as a single deposition, without regard to of the number of individuals identified to address the 30(b)(6) topics; and that a notice of deposition directed to a witness in his/her individual capacity would be counted as a deposition for purposes of the number of permitted depositions, even though the same individual might also be a 30(b)(6) designee.  P&G continues to believe that this discovery plan is appropriate.  P&G disagrees with Kraft's later suggestion to increase by 50% – to 15 – the number of depositions per side.

1   **Kraft contends** that discovery should be further stayed until after the Court rules on its motion

2   to stay this action.  Such a further stay on discovery would preserve resources without unduly

3   prejudicing either party.

4   Once discovery is commenced, Kraft contends that  (1) each side should have 15 depositions

5   per side, excluding prior art percipients and expert depositions; (2) each side should have 25

6   interrogatories, not counting any interrogatories related to the claims in this action that were served

7   while these claims were pending in the Western District of Wisconsin; and (3) each 30(b)(6)

8   deposition shall count as a single deposition regardless of the number of individuals identified to

9   address the 30(b)(6) topics (however, if a 30(b)(6) designee is also noticed for deposition in his or her

10  individual capacity, that deposition counts as both a 30(b)(6) deposition and an individual deposition).

11  All other discovery rules remain unchanged.

12  9. **Class Actions**:  This case is not a class action.

13  10. **Related Case**:  As noted above, in a Related Case Order dated February 27, 2008 (Dkt.

14  78), the Court found that this action is related to another action, entitled *The Procter & Gamble*

15  *Company v. Kraft Foods Global, Inc.*, Case No. C 07-04413 PJH.

16  11. **Relief**:  P&G contends that Kraft's acts of infringement have caused and are causing

17  damage to P&G, and that, pursuant to 35 U.S.C. § 284, P&G is entitled to recover from Kraft damages

18  for all of the harm sustained by P&G as a result of Kraft's infringement, in an amount to be proven at

19  trial.  The relief P&G seeks includes (a) full compensatory damages, including lost profits and/or a

20  reasonable royalty; (b) preliminary and permanent injunction enjoining Kraft from its infringing

21  activities; (c) pre-judgment and post-judgment interest; (d) enhanced damages pursuant to 35 U.S.C. §

22  284; (e) attorney fees pursuant to 35 U.S.C. § 285, or as otherwise permitted by law; (f) costs of suit;

23  and (f) such other and further relief as the Court deems proper.

24  Kraft contends that it does not infringe the '419 patent and that the '419 patent is invalid.

25  Accordingly, Kraft has counterclaimed for (a) a declaration that it does not infringe the '419 patent, (b)

26  a declaration that each of the '419 patent claims is invalid and/or unenforceable, (c) a finding that this

27  is an exceptional case and an award of attorneys fees pursuant to 35 U.S.C. §285 or otherwise, and (d)

28  an assessment of all costs in this action, including reasonable attorneys' fees, against P&G.

12. **Settlement and ADR**:  The parties have engaged – and currently are engaging – in extensive, active settlement negotiations with the assistance of two third-party neutrals, including mediations conducted during the months of March and April.  The parties are continuing their settlement efforts.

13. **Consent to Magistrate Judge**:  The parties do not consent to referral of the case to a Magistrate Judge for all purposes.

14. **Other References**:  The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**:  The parties do not believe, at this juncture, that bifurcation of issues, claims or defenses is necessary or appropriate.  Kraft reserves its right to seek later bifurcation of damages, willfulness or other aspects of the case as the Court may permit; P&G reserves its right to oppose any such requests.  The parties are not currently aware of any issues that can be narrowed by agreement or by motion, although it is possible that, following claim construction and fact and expert discovery, one or more motions for summary judgment will be filed.  The parties are not at this early stage of the case aware of any facts that may be the subject of stipulation so as to materially narrow issues for trial.  Based on the progress of discovery, however, the parties will continue to evaluate the possibility of streamlining the presentation of evidence at trial through, *e.g.*, stipulated facts.

16. **Expedited Schedule**:  The parties do not believe this case lends itself to, or requires, special expedited handling through streamlined procedures.

**P&G contends as follows:**   By Order of the court in the Wisconsin Action, discovery taken in that action may be used in other litigation – including, specifically, litigation "involving P&G and KFG or KFH and P&G's United States Patent Nos. 7,169,418 or 7,169,419" – subject to appropriate protective orders.[1]   Accordingly, P&G believes that the schedule of deadlines for the preparation of this case for trial can be somewhat more compressed than otherwise would be the case, and it proposes the schedule set forth in Paragraph 17 below.

**Kraft contends as follows:**   Kraft agrees that this case does not lend itself to or require special expedited handling through streamlined procedures.  Kraft disagrees that the schedule in this case might be compressed as a result of discovery work already undertaken in the Wisconsin action between the parties.  Judge Shabaz specifically held that the facts at issue in the Wisconsin action were different than those at issue in this case (*See* Western District of Wisconsin Case No. 3:07-cv-00613 at Dkt. # 33 ("P&G's counterclaim and third party claim for infringement of the '419 patent are 'discrete and separate' from Kraft's claim for infringement of the '443 patent."; "P&G argues that the interest of justice does not favor transfer because its counterclaim and third party claims for infringement of the '419 patent involves the same technology as Kraft's claim for infringement of the '443 patent.  As previously explained P&G's infringement counterclaim and third party claim are discrete and separate from Kraft's infringement claim regardless of any similar technology.")).  In addition, Magistrate Judge Crocker, who is overseeing the discovery process between the parties in the Wisconsin matter,

---

[1]   The Protective Order provides:

Documents, testimony or information designated by a Producing Party as "Attorneys' Eyes Only" may be disclosed and copies may be provided by the Receiving Party only to Qualified Persons as specified in paragraph 6(a) through (h), shall be retained by them in strictest confidence, shall only be used for the purpose of this action (including appeals) ***or any other proceeding involving P&G and KFG or KFG, and P&G's United States Patent Nos. 7, 169,418 or 7,169,419, provided that a protective order is provided in that proceeding*** to protect the confidentiality of that information.

Protective Order (dated March 4, 2008; Dkt. No. 41) ¶8 at 5 (emphasis added).  The Order is still in effect.  The single order by Magistrate Judge Crocker referenced by Kraft below was entered in response to a motion to compel discovery, and it addresses only documents related to a specific Kraft prototype container.  It does not purport to broadly modify or dispense with the Protective Order.

DM_US:21217471_1

1    has specifically limited the use of certain information P&G has obtained in the Wisconsin action to

2    prevent it from being used in this action.  (*See* Western District of Wisconsin Case No. 3:07-cv-00613

3    at Dkt. # 52 ("Defendant shall not use any matters discovered as a result of this court's order in any

4    other lawsuit, administrative action, or other proceeding without first obtaining this court's written

5    permission or written permission from plaintiff.")).    Accordingly, the discovery process in Wisconsin

6    should have no bearing on the schedule for this case.

7         17.  **Scheduling**:

8         **P&G's Position:**  As noted above, P&G believes there is no basis for staying this action based

9    on Kraft's efforts to attack the validity of the '418 patent, which is not at issue in this action.  P&G

10   also believes there is no basis to delay further the initiation of discovery, and that discovery should

11   commence immediately following the Case Management Conference on May 29.  P&G proposes that

12   the case proceed according to the timetables set forth in the Patent Local Rules (which are not shown

13   below) and the following schedule:

| | |
|---|---|
| Expert Report on Issues for Which Party Bears Burden of Proof | February 15, 2009 |
| Rebuttal Expert Reports | March 15, 2009 |
| Fact Discovery Cutoff | April 5, 2009 |
| Expert Discovery Cutoff | May 1, 2009 |
| Dispositive Motion Filing Deadline | June 1, 2009 |
| Trial | August 17, 2009 |

21        **Kraft's Position:**  As noted above, Kraft intends to renew its motion to stay this case.  Kraft

22   contends that discovery in this matter should not commence until after the Court has the opportunity to

23   rule on Kraft's motion to stay.  Kraft further believes that the deadlines proposed by P&G for the close

24   of fact discovery and subsequent events are overly ambitious if the case is not stayed.  Accordingly,

25   Kraft believes it to be more prudent for the Court to conduct a Case Management Conference shortly

26   after issuance of the claim construction ruling whereby the Court would set deadlines for the remaining

27   events in this action.

28

The parties have already agreed not to commence discovery in this action until after the Court conducts the Case Management Conference in this case. Kraft requests that discovery be stayed and a case schedule not be entered until after the Court rules on its motion to stay. However, in the event the Court denies Kraft's request to further stay discovery, Kraft proposes the following schedule:

| Event | Kraft's Proposed Deadline |
|---|---|
| Deadline to exchange initial disclosures | June 9, 2008 |
| Disclosure of Asserted Claims and Preliminary Infringement Contentions | June 12, 2008 |
| Deadline to amend pleadings | July 28, 2008 |
| Preliminary Invalidity Contentions | July 28, 2008 |
| Exchange of Proposed Terms and Claim Elements for Construction | August 11, 2008 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | September 1, 2008 |
| Joint Claim Construction and Pre-Hearing Statement | October 31, 2008 |
| Completion of Claim Construction Discovery | December 1, 2008 |
| Opening Claim Construction Brief | December 22, 2008 |
| Responsive Claim Construction Brief | January 12, 2009 |
| Reply Claim Construction Briefs | January 19, 2009 |
| Claim Construction Pre-Hearing Conference | February 2, 2009, or as soon thereafter as is convenient for the Court |
| Claim Construction Hearing | February 16, 2009, or as soon thereafter as is convenient for the Court |
| Further Case Management Conference | within 14 days after the Court issues its Claim Construction ruling |
| Final Infringement Contentions | 30 days after service of Court's claim construction ruling, per Patent Local Rule 3-6(a) |
| Final Invalidity Contentions | 50 days after service of Court's claim construction ruling, per Patent Local Rule 3-6(b) |
| Willfulness disclosures | 50 days after service of Court's claim construction ruling, per Patent Local Rule 3-8 |
| Close of fact discovery | To be set at Case Management Conference |

| | following issuance of the Claim Construction ruling |
|---|---|
| Exchange of opening expert reports [by party with burden of proof] | To be set at Case Management Conference following issuance of the Claim Construction ruling |
| Exchange of rebuttal expert reports | To be set at Case Management Conference following issuance of the Claim Construction ruling |
| Close of expert discovery | To be set at Case Management Conference following issuance of the Claim Construction ruling |
| Last day on which dispositive motions may be heard | To be set at Case Management Conference following issuance of the Claim Construction ruling |
| Pretrial Conference | To be set at Case Management Conference following issuance of the Claim Construction ruling |
| Trial | To be set at Case Management Conference following issuance of the Claim Construction ruling |

18.  **Trial**:  Subject to refinement of the parties' estimates based upon the discovery undertaken in the action, the parties' preliminarily estimate that the case will require approximately 15-17 trial days.

19.  **Disclosure of Non-party Interested Entities or Persons**:  Both parties have filed with the Court a Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16.  In addition, the parties identify below any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:

P&G states as follows: With respect to the plaintiff, as of this date, no interest is known in this case other than The Procter & Gamble Company.

1      Kraft states as follows:  Kraft Foods Inc., a publicly traded company, is the parent of Kraft

2    Foods Global, Inc.

3    Dated:  May  22, 2008                    HOWREY LLP

4

5                                              By:   /s/ Martha K. Gooding

6                                                    William C. Rooklidge
                                                     Martha K. Gooding
7                                                    Ben M. Davidson
                                                     Greg C. Cordrey
8                                                    Jesse Mulholland
                                                     HOWREY LLP
9                                                    4 Park Plaza, Suite 1700
                                                     Irvine, CA  92614
10                                                   Telephone:  (949) 721-6900
                                                     Facsimile:  (949) 721-6910
11
                                                     Mark D. Wegener
12                                                   HOWREY LLP
                                                     1299 Pennsylvania Ave., N.W.
13                                                   Washington, DC  20004
                                                     Telephone:  (202) 383-0800
14                                                   Facsimile:  (202)  838-6610

15                                                   Attorneys for Counterclaim Plaintiff
                                                     THE PROCTER & GAMBLE
16                                                   COMPANY

17   Dated:  May  22, 2008                    QUINN EMANUEL URQUHART
                                                    OLIVER & HEDGES, LLP
18

19

20
                                              By:   /s/ Claude M. Stern
21
                                                     Claude M. Stern
22                                                   Evette D. Pennypacker

23                                                   555 Twin Dolphin Drive, Suite 560
                                                     Redwood Shores, CA  94065-2139
24
                                                     Attorneys for Counterclaim Defendants
25                                                   KRAFT FOODS HOLDINGS, INC. and
                                                     KRAFT FOODS GLOBAL, INC.
26

27

28