1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   Claude M. Stern (Bar No. 96737)
2    claudestern@quinnemanuel.com
     Evette D. Pennypacker (Bar No. 203515)
3    evettepennypacker@quinnemanuel.com
     Thomas E. Wallerstein (Bar No. 232086)
4    tomwallerstein@quinnemanuel.com
     Gabriel S. Gross (Bar No. 254672)
5    gabegross@quinnemanuel.com
   555 Twin Dolphin Drive, Suite 560
6  Redwood Shores, California  94065-213
   Telephone:    (650) 801-5000
7  Facsimile:    (650) 801-5100

8  Attorneys for Kraft Foods Global, Inc.

9

10                UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13  THE PROCTER & GAMBLE COMPANY,          CASE NO. 3:08-cv-00930 PJH

14            Plaintiff,                   KRAFT FOODS GLOBAL, INC.'S ANSWER
                                           AND COUNTERCLAIMS TO THE
15       vs.                               AMENDED COMPLAINT FOR PATENT
                                           INFRINGEMENT OF THE PROCTER &
16  KRAFT FOODS GLOBAL, INC.,              GAMBLE COMPANY

17            Defendant.                   DEMAND FOR JURY TRIAL

18

19

20       Defendant and counterclaimant Kraft Foods Global, Inc. ("Kraft"), by its undersigned

21  attorneys, answers the Amended Complaint for Patent Infringement ("Amended Complaint") of

22  plaintiff The Procter & Gamble Company ("P&G"), as follows:

23                         **I.  ANSWER**

24                         **THE PARTIES**

25       1.    Kraft is without knowledge or information sufficient to form a belief as to the truth

26  or falsity of the allegations of paragraph 1 of the Amended Complaint and therefore denies them.

27       2.    Kraft admits the allegations in paragraph 2 of the Amended Complaint.

28

51389/2526061.1

**JURISDICTION**

3.    Kraft admits that P&G purports to invoke subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Kraft admits that it is subject to personal jurisdiction in this Court with respect to the claims asserted in the Amended Complaint.

**VENUE**

4.    Kraft admits that it does business in this district, that it sells Maxwell House® brand coffee within this district and that venue is proper in this district.  Kraft denies that it has committed any acts of infringement within this district or otherwise.

**INFRINGEMENT OF U.S. PATENT NO. 7,169,419**

5.    Kraft admits only that U.S. Patent No. 7,169,419 (the "'419 patent"), entitled "Packaging system to provide fresh packed coffee," issued on January 30, 2007 according to the information provided on the face of the patent, and that David Andrew Dalton, Kerry Lloyd Weaver and Thomas James Manske, Jr. appear as named inventors on the face of the '419 patent. Kraft denies that it has committed any acts of infringement of the '419 patent and denies that it is liable for infringement of the '419 patent.  Kraft is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 5 of the Amended Complaint and therefore denies them.

6.    Kraft denies the allegations of paragraph 6 of the Amended Complaint.

7.    Kraft denies the allegations of paragraph 7 of the Amended Complaint.

**PRAYER FOR RELIEF**

8.    Kraft denies that P&G is entitled to the relief it seeks or any relief at all from Kraft.

**II.  AFFIRMATIVE DEFENSES**

For its Affirmative Defenses to the Amended Complaint, Kraft alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

**STAY OF ACTION**

9.    P&G's Amended Complaint, and all proceedings in furtherance thereof, before this Court are improper and should be stayed pending completion of any pending reexamination of U.S. Patent No. 7,169,418 (the "'418 patent").

1    **SECOND AFFIRMATIVE DEFENSE**

2    **NON-INFRINGEMENT OF THE '419 PATENT**

3         10.    Kraft has not infringed, and currently does not infringe, the '419 patent directly,

4    indirectly, contributorily, by inducement, literally, under the doctrine of equivalents, or in any

5    other manner.

6    **THIRD AFFIRMATIVE DEFENSE**

7    **INVALIDITY OF THE '419 PATENT**

8         11.    The claims of the '419 patent are invalid for failure to satisfy one or more of the

9    conditions for patentability specified in Title 35 of the United States Code, including without

10    limitation sections 101, 102, 103, and 112.

11    **THIRD AFFIRMATIVE DEFENSE**

12    **EQUITABLE ESTOPPEL OF THE '419 PATENT**

13         12.    The relief sought by P&G is barred, in whole or in part, under the doctrine of

14    equitable estoppel.

15    **FOURTH AFFIRMATIVE DEFENSE**

16    **PROSECUTION HISTORY ESTOPPEL OF THE '419 PATENT**

17         13.    Kraft is informed and believes, and thereon alleges, that the relief sought by P&G

18    is barred under the doctrine of prosecution history estoppel.

19    **FIFTH AFFIRMATIVE DEFENSE**

20    **DEDICATION OF THE '419 PATENT**

21         14.    Kraft is informed and believes, and thereon alleges, that the relief sought by P&G

22    is barred because all embodiments not literally claimed in the '419 patent were dedicated to the

23    public.

24    **SIXTH AFFIRMATIVE DEFENSE**

25    **FAILURE TO STATE A CLAIM FOR THE '419 PATENT**

26         15.    The Amended Complaint fails to state a claim upon which relief can be granted.

27

28

**SEVENTH AFFIRMATIVE DEFENSE**

**MARKING OF THE '419 PATENT**

16.     P&G's pre-lawsuit claims for damages as to the '419 patent are barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

**EIGHTH AFFIRMATIVE DEFENSE**

**LACHES OF THE '419 PATENT**

17.     P&G's pre-lawsuit claims for damages as to the '419 patent are barred, in whole or in part, under the doctrine of laches.

**III.  COUNTERCLAIMS**

Kraft alleges as follows:

1.     By asserting these counterclaims Kraft does not concede, and expressly disputes, the propriety of this action going forward in light of the pending reexamination of the '418 patent.

2.     Kraft counterclaims against P&G pursuant to the patent laws of the United States in Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States in 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13.

**THE PARTIES**

3.     Kraft is a Delaware corporation with its principal place of business in Northfield, Illinois.

4.     Upon information and belief, P&G is an Ohio corporation with its principal place of business in Cincinnati, Ohio.

**JURISDICTION AND VENUE**

5.     This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

6.     This Court has personal jurisdiction over the P&G because P&G established and maintains the requisite minimum contacts with the forum and the Court's exercise of jurisdiction over P&G would not offend traditional notions of fair play and substantial justice.

7.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNTERCLAIM - DECLARATORY JUDGMENT

8.     By virtue of the allegations of P&G's Amended Complaint in this action and Kraft's Answer thereto, an actual controversy exists between Kraft and P&G as to whether the '419 patent is invalid, unenforceable and/or not infringed.

### FIRST COUNT

### DECLARATION OF NON-INFRINGEMENT OF THE '419 PATENT

9.     Kraft restates and incorporate by reference each of the allegations of paragraphs 1 through 8 of Section III of this Answer and Counterclaims.

10.     P&G claims to be the owner by assignment of all legal rights and interest in the '419 patent.

11.     P&G alleges infringement of the '419 patent by Kraft.

12.     Kraft is not infringing and has not infringed any valid claim of the '419 patent, and P&G is entitled to no relief for any claim in the Amended Complaint.

### SECOND COUNT

### DECLARATION OF INVALIDITY OF '419 PATENT

13.     Kraft restates and incorporates by reference each of the allegations of paragraphs 1 through 12 of Section III of this Answer and Counterclaims.

14.     P&G, by its Amended Complaint, contends that the '419 patent is valid and infringed by Kraft.

15.     Each and every claim of the '419 patent is invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and/or 112.

### JURY DEMAND

16.     Kraft hereby demands a jury trial on all issues and claims so triable.

### PRAYER FOR RELIEF

WHEREFORE, Kraft prays that this Court:

a.     Enter judgment against P&G and in favor of Kraft on each of the claims set forth in the Amended Complaint filed by P&G;

1    b.    Dismiss the Amended Complaint with prejudice;

2    c.    Find and declare that the '419 patent is not infringed by Kraft;

3    d.    Find and declare that each of the claims of the '419 patent are invalid and/or

4  unenforceable;

5    e.    Find that this is an exceptional case and award Kraft its attorneys' fees pursuant to

6  35 U.S.C. § 285 or otherwise; and

7    g.    Grant Kraft such other and further relief as the Court shall deem just and proper.

8

9  DATED:  June 4, 2008                    QUINN EMANUEL URQUHART OLIVER &
                                           HEDGES, LLP
10

11                                  By _____
                                       Claude M. Stern
12                                     Evette D. PennyPacker
                                       Attorneys for Kraft Foods Global, Inc.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

1

2          I am employed in the County of San Mateo, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is 555 Twin Dolphin
3  Drive, Suite 560, Redwood Shores, California 94065-2139.

4          On June 4, 2008, I served and had served true copies of the document(s) described as:

5  **KRAFT FOODS GLOBAL, INC.'S ANSWER AND COUNTERCLAIMS TO THE
AMENDED COMPLAINT FOR PATENT INFRINGEMENT OF THE PROCTER
6  & GAMBLE COMPANY**

7          on the parties in this action as follows:

8  **BY ELECTRONIC MAIL TRANSMISSION:**  By electronic mail transmission from
tomwallerstein@quinnemanuel.com on June 4, 2008, by transmitting a PDF format copy of such
9  document(s) to each such person identified below, at the e-mail address listed below their
address(es).  The document(s) was/were transmitted by electronic transmission and such
10  transmission was reported as complete and without error.

11                    **William Rooklidge**
                    **Martha Gooding**
12                    4 Park Plaza, Suite 1700
                    Irvine, CA 92614
13                    RooklidgeW@howrey.com
                    GoodingM@howrey.com
14
          I declare under penalty of perjury under the laws of the State of California that the
15  foregoing is true and correct.

16          Executed on June 4, 2008, at Redwood Shores, California.

17

18

19                                        Thomas E. Wallerstein

20

21

22

23

24

25

26

27

28

51389/2526061.1