UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PROCTER & GAMBLE CO.,

    Plaintiff,

    v.

KRAFT FOODS GLOBAL, INC.,

    Defendant.

_____/

No. C 08-0930 PJH

**ORDER GRANTING MOTION TO STAY**

Before the court is defendant's motion to stay the instant action. The action was originally transferred to this District from the Western District of Wisconsin on February 13, 2008, and was subsequently reassigned to the undersigned after the case was deemed related to an earlier-filed case already pending in this court, Procter & Gamble v. Kraft Foods Global, Inc., C 07-4413 PJH. Defendant Kraft Foods Global, Inc. ("defendant") seeks to stay the action on grounds that the underlying patent in the case, U.S. Patent No. 7,169,419 ("the '419 Patent"), is closely related to U.S. Patent No. 7,169,418 ("the '418 Patent"), which is the subject of pending ex parte and inter partes reexamination proceedings before the PTO and BPAI. Plaintiff Procter & Gamble Co. ("plaintiff") vigorously opposes defendant's request.

Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion to stay, for the following reasons:

First, the court finds the '419 Patent at issue here sufficiently similar to the '418 Patent that a stay is justified. Both patents were issued the same day, are directed to plastic packaging systems for roast and ground coffee, relate to the same provisional

patent application, and contain specification and claim language that is substantially similar. See Declaration of Evette D. Pennypacker ISO Mot. Stay ("Pennypacker Decl."), Exs. B, J. As such, there is a strong likelihood that final, binding results of the reexamination proceedings at issue in connection with the '418 Patent – which contemplate final decisions by both the PTO and the Federal Circuit in connection with ex parte and inter partes reexamination – would have an effect on issues before the court relating to the '419 Patent, and in particular, claim construction. As the court noted previously when it granted a stay of proceedings in the related case pending reexamination of the '418 Patent, this conclusion is particularly true if some or all of the claims at issue in the '418 Patent are ultimately found to be invalid, or are narrowed.

Second, the above concerns, coupled with the time intensive nature of the litigation involved with respect to both the '418 and '419 Patents, also counsel in favor of a stay. Both the instant action based on the '419 Patent, and the related action based on the '418 Patent, should be heard together, in order to best serve the interests of judicial efficiency. Thus, a stay of the instant action, in view of the stay already imposed in the related action, is appropriate. A stay here also ameliorates the court's concerns over the duplicative litigation that could result from allowing the present action to go forward before the earlier filed but closely related litigation, as well as the court's concerns over the potentially preclusive effect of issues decided here upon the earlier-filed litigation.

In so ruling, however, the court is not unmindful of plaintiff's arguments with respect to the undue prejudice that a stay would impose upon plaintiff – particularly in view of the suggestion that the full completion period for inter partes reexamination proceedings is 5 to 8 years. To that end, the court finds that some limited deposition discovery, in the form of 30(b)(6) depositions, for example, is appropriate to mitigate the potentially prejudicial effects of a stay, notwithstanding the imposition of a stay in this case. Such discovery must be limited, however, to those background matters regarding the development of the products at issue, which are particularly at risk for diminishing recollections by

knowledgeable witnesses – e.g., information relating to the drafting of the patents, and background information regarding product design and functionality. The parties are instructed to meet and confer with respect to proposed limited discovery, and to present a stipulated proposal to the court, no later than September 15, 2008. If the parties are unable to agree on a stipulated proposal, they are instructed to contact the courtroom deputy for the undersigned, in order to request that a further case management conference be scheduled.

In sum, defendant's motion to stay is GRANTED, pending completion of both the pending ex parte and inter partes reexamination proceedings related to the '418 Patent. The parties are instructed, as in the related action, to submit status reports to the court every 6 months, apprising the court of the status of the pending reexamination proceedings. Upon final exhaustion of all pending reexamination proceedings including any appeals, the parties shall jointly submit to the court, within one week, a letter indicating that all appeals have been exhausted, and requesting a further case management conference as soon as possible.

**IT IS SO ORDERED.**

Dated: August 15, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge

3